## Ex parte AH PONG.

The mere fact that a party is a Chinaman, residing in a mining district of this State, does not subject him to the foreign miners' license tax.

If the Revenue Act of 1861 (Stat. 1861, 447, secs. 90, 93) is to be construed as imposing this tax under such circumstances merely, the act is unconstitutional.

PETITION for *habeas corpus.*

Ah Pong, a Chinaman, not eligible to become a citizen of the United States, not a miner, but a washerman, resided near Placerville, El Dorado county, a mining district in this State. Under the ninety-seventh section of the Revenue Act of 1861, the Tax Collector of that county, being unable to collect from Ah Pong the foreign miner's license fixed by the Act, certified to the Road Overseer of the District the name and description of the person, and the amount due for the license. Whereupon the Overseer made a requisition upon Ah Pong to work upon the public roads a sufficient number of days to exhaust said sum, according to the provisions of said section. He refused, was tried before a Justice of the Peace for a misdemeanor, found guilty, and sentenced to imprisonment in the county jail for twenty days. Application was made to the County Judge of El Dorado for a writ of *habeas corpus*, and refused *pro forma ;* and application was then made to FIELD, C. J., who issued the writ, returnable before the Supreme Court.

The Act of 1861, under which the proceedings against the prisoner were taken, provides that "no person, unless he is a citizen of the United States, or shall have declared his intention to become such, (Californian Indians excepted) shall be allowed to take or extract gold, silver or other metals from the mines of this State, or hold a mining claim therein, unless he shall have a license therefor, as hereinafter provided." Section ninety-three, after authorizing the Tax Collector of each county to collect this license, says : "All foreigners not eligible to become citizens of the United States, residing in any mining district in this State, shall be considered miners, under the provisions of this Act." And in another section the Collector, when unable to collect the license, is to certify that fact, with the amount due, and the name and description of the person liable to pay the same, to the Road Overseer of the district, who then makes a requisition upon the party to work out his license on the public roads—in default of which he is liable to be prosecuted for a misdemeanor, and subject to imprisonment for not less than five nor more than thirty days.

*Byrne & Freelon,* for the Petitioner.

I. The license is in the nature of a tax—is a debt due the people.

By article one, section fifteen, Constitution of California, no person shall be imprisoned for debt, except in cases of fraud. (Ex parte Prader, 6 Cal. 239.)

II.    The statute (Act of 1861, 447, sec. 90) prohibits mining without a license. Section ninety-three is not responsive to the object of the prohibition. The Legislature have sought to change the *essence of things.*

III.    The statute is arbitrary, is against " common right and common reason." (1 Bishop on Crim. Law, sec. 53, and case cited.)

IV.    It is contrary to article one, section seventeen of the Constitution of California. While, under the decision of *The People* v. *Naglee,* (1 Cal. 232) it might be held that the Legislature had the power to license or tax all foreigners who mined, it has not the power to tax for mining those who do not mine. A license is a permission to do a given act. No one shall be held responsible, civilly or criminally, for acts he does not do. This act creates a crime which has no existence in fact, and makes a man a criminal by construction of law. This act obliges to pay a tax without any corresponding benefit, and in this respect is also in violation of the thirteenth section of the eleventh article of the Constitution, and is contrary to the inherent nature of taxation itself.

V.    It is contrary to section eleven, article one of the Constitution, which provides that " all laws of a general nature shall have a uniform operation. It does not affect as near as possible persons and property alike." (*People* v. *Coleman,* 4 Cal. 46.)

It does not operate uniformly upon a class.

*Thos. H. Williams, Attorney General, contra.*

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The prisoner must be discharged. The mere fact that the petitioner was a Chinaman residing in a mining district, does not subject him to the foreign miners' tax. If the act is to be construed as imposing this tax, it cannot be supported, any more than could a law be sustained which imposed upon every man residing in a given section of the State a license as a merchant, whatever his occupation.